**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 13-131-DLB**

**GLEN CALDWELL**                                                                       **PLAINTIFF**

vs.                     **MEMORANDUM OPINION AND ORDER**

**CAROLYN W. COLVIN, Acting Commissioner
  of Social Security**                                                   **DEFENDANT**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, finding that Plaintiff's lone claim of error is without merit.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Glen Caldwell filed an application for disability insurance benefits on July 15, 2009, alleging he became disabled on March 4, 2009. (Tr. 78-86, 205-209). Plaintiff's claim was denied initially and again on reconsideration. (Tr. 99-106). At Plaintiff's request, an Administrative Law Judge held a hearing on December 7, 2010, and thereafter issued an unfavorable decision on December 28, 2010. (Tr. 78-86).

The Appeals Council vacated the ALJ's decision on September 30, 2011, and remanded the claim for resolution of two issues. (Tr. 93-95). First, the ALJ was directed to consider a functional capacity assessment from Shannon Combs, ARNP and an

1

unidentifiable Clinical Psychologist dated May 19, 2011, which was not a part of the record before the ALJ. Second, the ALJ was instructed to address Plaintiff's mother-in-law's statements.[1]

The ALJ held a second hearing on March 8, 2012, and issued another unfavorable decision. (Tr. 14-28). The Appeals Council denied Plaintiff's request for a rehearing, finding no reason under the Administration's rules to review the decision. (Tr. 1). The ALJ's decision, therefore, became the final decision of the Commissioner. This appeal followed and has culminated in cross-motions for summary judgment. (Docs. # 12, 15).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.,* 203 F.3d

---

[1] Plaintiff submitted a second claim for disability insurance benefits on January 7, 2011, while her first claim was pending before the Appeals Council. The Appeals Council found that the second claim was a duplicate and, therefore, instructed the ALJ to associate the two claims. (Tr. 94).

388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 17). At Step 2, the ALJ found that Plaintiff had the following severe impairments: loss of vision in left eye; headaches; chronic back pain; cognitive disorder not otherwise specified; and adjustment disorder with mixed anxiety and depressed mood. (*Id.*). However, at Step 3, the ALJ concluded that none of these impairments or combination of impairments meet or medically equal the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 17-19).

At Step 4, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform light work with certain additional limitations. Plaintiff was restricted as follows:

> [He] can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk 6 hours during an 8-hour workday, and sit 6 hours during an 8-hour workday. Due to reduced depth perception from left eye blindness, the claimant should never be expected to climb ladders, rope or scaffolds. He may occasionally climb ramps or stairs. He may stoop, kneel, crouch or

3

> crawl no more often than frequently. The claimant cannot perform work activities requiring good depth perception, and he should avoid concentrated exposure to full body vibration and all hazards such as unprotected heights and dangerous machinery. The claimant also suffers from mental impairments, but he would be able to: understand, remember, and carry out simple repetitive work instructions; sustain attention and concentration for simple work tasks for extended periods of 2-hour segments during an 8-hour workday; adequately relate to coworkers and supervisors with only occasional contact with the general public; and adapt to the changes and pressures of a routine work setting.

(Tr. 20). Based on these limitations, the ALJ found that Plaintiff could not perform his past relevant work.

Accordingly, the ALJ proceeded to the final step of the sequential analysis. At Step 5, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy. (Tr. 27). The ALJ based this conclusion on testimony from a vocation expert (VE) in response to a hypothetical question assuming an individual of Plaintiff's age, work experience, education, and RFC. (Tr. 27-28). Because the ALJ found that Plaintiff was capable of performing a significant number of jobs in the national economy, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act. (Tr. 28).

**C.  Analysis**

Plaintiff failed to follow this Court's directive in its Standing Scheduling Order to "include a statement of the legal arguments presented *at the beginning of the motion*." (Doc. # 11 at 3) (emphasis added). Plaintiff's failure is particularly problematic here because his summary judgment motion does not otherwise clearly set forth the issues he wants the Court to consider appeal. Plaintiff's failure gives the Court independent grounds to deny Plaintiff's motion. (*See id.*). Nonetheless, the Court will do its best to decipher

4

Plaintiff's legal arguments and consider them on their merits.

Plaintiff makes a bald assertion that the ALJ's decision is not supported by substantial evidence, though he offers absolutely no analysis on this point whatsoever. This is the most general argument a Social Security appellant can raise, and does nothing more than recite the standard by which the Commissioner's decisions are to be reviewed. Without offering some explanation about *why* the ALJ's decision is not supported by substantial evidence, the Court refuses to put meat on the bones of this skeletal argument, and will instead consider it waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

The lone argument the Court can decipher from Plaintiff's motion is that he believes the ALJ failed to follow the Appeals Council's instructions on remand. Plaintiff argues the ALJ "ignored" instructions to consider his mother-in-law's statement. Additionally, Plaintiff contends the ALJ failed to consider a functional capacity assessment from Shannon Combs, ARNP, and an unidentifiable Clinical Psychologist, dated May 19, 2011, as the Appeals Council instructed him to do. Plaintiff's argument, though, is neither tenable under the law or supported by the record.

In *Schults v. Colvin*, – F. Supp. 2d –, 2014 WL 798399 (E.D. Ky. Feb. 27, 2014), this Court noted that the Sixth Circuit Court of Appeals has yet to address whether an ALJ's failure to follow Appeals Council's directives on remand can serve as independent grounds for reversal. *Id.* at *3. The Court also noted a split on the issue amongst district courts within this Circuit. *Id.* Some courts have held that they do not have jurisdiction to consider whether an ALJ followed the instructions of the Appeals Council on remand because that is an internal agency matter. *See Brown v. Comm'r of Soc. Sec.,* No. 1:08-cv-183, 2009

WL 465708, at *5 (W.D. Mich. Feb. 24, 2009). With little analysis of the jurisdictional issue, other District Courts within this Circuit have concluded that an ALJ's decision must be reversed if it fails to comply with a remand order. *Salvati v. Astrue*, No. 3:08-cv-494, 2010 WL 546490, at *5 (E.D. Tenn. Feb. 10, 2010). Today, the undersigned joins those who have concluded that federal courts do not have jurisdiction to consider whether an ALJ complied with the Appeals Council's instructions on remand.

In *Brown v. Comm'r of Soc. Sec.*, No. 1:08-cv-183, 2009 WL 465708, at *5 (W.D. Mich. Feb. 24, 2009), the court ably explained why District Courts lack jurisdiction to consider plaintiffs' claims that the ALJ failed to comply with Appeals Council's remand order. The court noted that Federal Courts have limited jurisdiction and only possess that power that is authorized by the Constitution or statute. *Id.* The court found its authority to review Social Security decisions in 42 U.S.C. § 405(g), which provides in pertinent part that:

> Any individual after any *final decision* of the Commissioner made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

*Id.* (emphasis added). Thus, as the statue makes clear, judicial review is limited to the "final decision of the Commissioner." *Id.*

"Final decision," however, is not defined by statute. *Id.* Thus, the *Brown* Court looked to the Social Security Regulations to conclude that the Commissioner's decision is "final" once it has completed the four-step administrative review process. *Id.* That process includes an (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) Appeals Council review. *Id.*

The *Brown* Court determined that "[w]hether an ALJ complies with an Appeals Council order of remand is an internal agency matter which arises prior to the issuance of the agency's final decision." *Id.* If the Appeals Council does not remand the ALJ's decision a second time, that suggests the Appeals Council deemed the second opinion in compliance with the remand order. *Id.* According to the *Brown* Court, § 405(g) does not give the Court authority to consider this intermediate agency decision. *Id.* (citing *Bass v. Astrue*, No. 1:06-cv-591, 2008 WL 3413299 at *4 (M.D.N.C. Aug. 8, 2008)).

Other district courts within this Circuit are in agreement with *Brown*. For example, the Eastern District of Michigan has more recently held that the court's review "is limited to an analysis of the ALJ's decision *and not a review of the ALJ's compliance with the Appeal's Councils Order of Remand*." *Peterson v. Comm'r of Soc. Sec.*, no. 09-11222, 2010 WL 420000, at *7 (E.D. Mich. Jan. 29, 2010). *See also Riddle v. Astrue*, No. 2:06-00004, 2009 WL 804056, at *19 (M.D. Tenn. Mar. 25, 2009); *Dishman v. Astrue*, No. 4:08-cv-58, 2009 WL 2823653, at *10-11 (Aug. 27, 2009). This Court joins in this statement of law.

Alternatively, even if the Sixth Circuit Court of Appeals were to adopt the position that an ALJ's failure to follow a remand order constitutes reversible error, no such error occurred here. Contrary to Plaintiff's argument, the ALJ specifically addressed the functional capacity assessment from Nurse Practitioner Shannon Combs dated May 19, 2011. The ALJ stated:

> In May 2011, some six months after the undersigned issued the December 2010 decision, Ms. Combs and a clinical psychologist (whose name and signature cannot be deciphered) submitted another form assessment rating the claimant at the lowest level of ability, "poor," in each of the 23 listed categories of work-related activities, based on "severe PTSD, chronic anxiety

7

and depression, social isolation, anhedonia, panic attacks." The claimant was described as "unable to function in public settings, [and having] difficulty focusing and concentrating, severe anxiety and depression, PTSD." Yet, he was rated as being able to manage any award of benefits in his own best interest.

(Tr. 24). The ALJ also cited Nurse Combs' May 18, 2011 assessment in stating:

Notes from Ms. Shannon Combs, ARNP and other treatment providers at the Kentucky River Community Care indicated the claimant became increasingly withdrawn, to the point that they recently assessed him with marked difficulties in nearly every category considered. However, those assessments are not fully credible given the absence of evidence to show a substantial change in treatment, such as increased frequency in counseling, significant changes in medication, or psychiatric hospitalization which would correspond to a significant worsening of the claimant's condition.

(Tr. 18). These are just two examples where the ALJ considered Nurse Combs' assessment.

Plaintiff is equally incorrect in his assertion that the ALJ failed to consider his mother-in-law's assessment. The ALJ listed some of Plaintiff's complaints and noted that his "wife and mother-in-law generally confirmed his statements." (Tr. 18). Later in the decision, the ALJ stated: "In a November 2009 third-party function report the claimant's mother-in-law referred to his nervousness and depression. Her responses confirmed and were essentially identical to those provided by the claimant." (Tr. 21). Thus, Plaintiff fails on his argument that the ALJ ignored Appeals Council's instructions to consider his mother-in-law's statement.

### III. CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS ORDERED** as follows;

(1) The decision of the Commissioner is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 12) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 15) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 29th day of July, 2014.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\London\13-131 Caldwell MOO.wpd